IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-265-FL

| | |
|---|---|
| MARY C. BRACEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE #10, 14) and plaintiff's timely objections to the memorandum and recommendation ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rules in favor of defendant on the parties' cross-motions.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 27, 2004, alleging a disability onset date of April 3, 2004, due to degenerative disc disease and arthritis. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed.

A hearing was held before Administrative Law Judge ("ALJ") Peter C. Edison on November 15, 2006, at which plaintiff was represented by counsel. On January 18, 2007, the ALJ issued a decision denying plaintiff's claim. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social

Security ("the Commissioner").

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by (1) failing to consider whether plaintiff's impairments in combination are equivalent to a listed impairment; (2) improperly determining plaintiff's residual functional capacity ("RFC"); and (3) erroneously assessing plaintiff's credibility.

Through M&R entered May 29, 2008, the magistrate judge recommends that this court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion, and uphold the final decision of the Commissioner. Plaintiff timely objected to the M&R and defendant replied.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

2

judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### B. Analysis

Plaintiff raises two objections to the M&R. First, plaintiff argues that both the ALJ and magistrate judge erred by failing to consider the chronic and progressive nature of plaintiff's impairments over the entire time period at issue, and that this error affected the ALJ's factual findings, including the ALJ's evaluation of plaintiff's RFC and credibility. Second, plaintiff argues that the magistrate judge erred by concluding that the absence of any treating or examining medical source statements in the record indicated plaintiff's nondisability. The court considers each objection in turn.

Plaintiff first objects that the ALJ and magistrate judge failed to consider the progressive and chronic nature of plaintiff's rheumatoid arthritis, and thus wrongly gave greater weight to the medical evidence generated early in the relevant time period compared to the most recent evidence in the record. Plaintiff argues that this error affected the ALJ's findings that plaintiff had the ability to perform the full range of light work and that plaintiff's testimony regarding her functional restrictions was not fully credible. In support of this argument, plaintiff first contends that the ALJ failed to apply the required regulatory criteria to the opinions of the non-examining Disability Determination Service ("DDS") consulting physicians, who determined that plaintiff had the RFC to perform light work, and that the ALJ improperly ascribed "great weight" to these opinions. The court disagrees.

The Social Security Administration recognizes DDS consultants as highly qualified physicians who are experts in the evaluation of disability claims under the Social Security Act. See 20 C.F.R. § 404.1527(f)(2)(i); Social Security Ruling ("SSR") No. 96-6p, 1996 WL 374180, *2

3

(1996). Although an ALJ is "not bound by any findings made by State agency medical . . . consultants," an ALJ must consider such findings "as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. § 404.1527(f)(2)(i). When evaluating the findings of state agency consultants, the ALJ must consider relevant factors such as the consultant's "medical specialty and expertise in [Social Security Administration] rules, the supporting evidence in the case record, supporting explanations provided by the [consultant], and any other factors relevant to the weighing of the opinions." 20 C.F.R. § 404.1527(f)(2)(ii). Where, as here, no controlling weight is given to the opinion of a treating source, the ALJ must explain the weight given to the opinions of the DDS consultants. Id.

The record contains a physical RFC assessment by a DDS non-examining consultant dated November 19, 2004, and a Request for Evaluation of Medical Severity dated March 24, 2005, which affirms the November 2004 physical RFC assessment.[1] (R. at 19, 291-98, 299.) Basing their opinions upon a review of the entire then-existing case record, these consultants determined that plaintiff could perform a full range of light work. (R. at 298, 299.) As an initial matter, the court finds that the ALJ applied the proper regulatory criteria in evaluating the reports of the DDS consulting physicians. The ALJ explained that the opinions of the non-examining DDS consultants, including their RFC assessments, were "weighed in accordance with 20 CFR 404.1527(f) and Social Security Ruling 96-6p." (R. at 19.) The ALJ found the assessments consistent with plaintiff's longitudinal medical record and gave them "great weight." (R. at 19.)

---

[1] The record also contains a Psychiatric Review Technique Form (PRTF) assessment by a DDS non-examining consultant dated November 18, 2004, and a Request for Evaluation of Medical Severity dated March 25, 2005, which affirms the November 2004 PRTF assessment. (R. at 276-290, 300.) Plaintiff does not object to the ALJ's treatment of these assessments.

4

Plaintiff does not challenge the substantive findings of the DDS medical consultants when made. Instead, plaintiff argues that the ALJ erred by giving their assessments great weight because medical records from rheumatologist Dr. Hogarty, which postdate the DDS consultative reports, are inconsistent with the determination that plaintiff can perform light work. Despite plaintiff's contention to the contrary, however, substantial evidence supports the ALJ's determination that the DDS consulting physicians' RFC assessments are consistent with plaintiff's longitudinal medical record as a whole. The ALJ did not err in giving great weight to these assessments.

In determining plaintiff's RFC, the ALJ did not rely only on assessments by the non-examining DDS consulting physicians, but also considered all of plaintiff's symptoms, including pain, and plaintiff's entire medical record, including reports by examining physicians which postdate the DDS consulting physician reports. Following the assessments by the DDS consultants, treatment notes from Dr. Hogarty from May through June 2006 (R. at 313-20) were added to the record. Upon *de novo* review, the court agrees with the magistrate judge that these treatment notes and clinical findings, along with others that were submitted after the DDS assessments were made, indicate similar complaints and assessments as those reviewed by the DDS consultants. This additional evidence was considered by the ALJ, and it does not demonstrate a marked change for the worse in plaintiff's health.

Contrary to plaintiff's contention otherwise, the ALJ considered the progression of plaintiff's rheumatoid arthritis, from plaintiff's first examination for the condition by Dr. Stanescu in May 2004, until the most recent examinations in the record by Dr. Hogarty in June 2006. (R. at 17-18.) The ALJ discussed the relevant findings by Dr. Hogarty, including that plaintiff has synovial thickening of the MCP joints, right greater than left, a decreased range of motion of the wrists, and

5

signs of inflammatory arthropathy consistent with rheumatoid arthritis, including erosion of the MCP joints and narrowing of the PIP joints with sclerosis and ankylosis. (R. at 17.) At plaintiff's May 30, 2006 exam, Dr. Hogarty characterized plaintiff's rheumatoid arthritis as appearing "mild," and treatment notes by Dr. King-Thiele from July 2006 indicated that plaintiff's arthritic pain had improved with medication and that plaintiff was feeling much better. (R. at 318, 326-27.)

Although plaintiff objects that the ALJ and the magistrate judge failed to explain how someone with plaintiff's arthritic condition could perform light work, plaintiff bears the burden of both production and proof during the first four steps of the sequential evaluation process, and plaintiff bears the risk of non-persuasion. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995); Seacrist v. Weinberger, 538 F.2d 1054, 1057 (4th Cir.1976). This burden includes the responsibility of "providing the evidence [the ALJ] will use to make a finding about [a claimant's] residual functional capacity." 20 C.F.R. § 404.1545(a)(3); see also 20 C.F.R. § 404.1512(c) ("You must provide evidence . . . showing how your impairment(s) affects your functioning during the time you say that you are disabled . . ."). In its inquiry, this court may not "undertake to re-weigh conflicting evidence . . . or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996)). With these principles in mind, the court finds that the ALJ properly considered plaintiff's medical record as a whole, and that the ALJ's RFC assessment is supported by substantial evidence.

Plaintiff also objects to the M&R on the basis that the ALJ's failure to consider plaintiff's medical records over the entire range of time at issue affected the ALJ's evaluation of plaintiff's credibility. Plaintiff does not elaborate on this objection, nor does plaintiff object to the magistrate's finding that the ALJ's assessment of plaintiff's credibility was otherwise proper. Having found that

the ALJ did consider plaintiff's longitudinal medical record, including the medical findings of Dr. Hogarty so heavily relied on by plaintiff, the court dispenses with this objection. So too does the court dispense with the objection that the ALJ's failure to consider plaintiff's medical record over the entire time period at issue affected other relevant findings by the ALJ. As already discussed, the ALJ properly considered the entirety of plaintiff's medical record, and any objections based on this alleged failure must be rejected.

In plaintiff's second major objection to the M&R, plaintiff argues that the magistrate judge erred by concluding that the absence of a treating physician's supporting opinion indicated plaintiff's nondisability. As both the ALJ and the magistrate judge noted, plaintiff's record contains no treating or examining medical source statements regarding plaintiff's physical or mental limitations, and what plaintiff can still do despite the limitations. Had such opinions been present in the record, the ALJ would have been required to evaluate and weigh them in accordance with the factors set forth in 20 C.F.R. § 404.1527.

Despite plaintiff's contention to the contrary, neither the ALJ nor the magistrate judge relied on the absence of a supporting opinion from a treating source as substantial evidence of plaintiff's nondisability. In one mention of the absence of such opinions in the record, the magistrate judge indicated merely that the ALJ's decision to give great weight to the RFC assessments of the DDS consultants did not conflict with any opinions from treating sources, because none existed. (M&R 14.) The magistrate judge later mentioned the absence of examining medical source opinions in discussing plaintiff's burden of production, but the magistrate did not imply that the absence of such opinions indicated conclusively that plaintiff was not disabled. Rather, the magistrate found, and this court agrees, that the ALJ thoroughly discussed the relevant medical records, the findings of

7

plaintiff's treating sources and the DDS reviewing physicians, and plaintiff's testimony, and that substantial evidence supported the ALJ's findings. (M&R 18.) The magistrate judge again mentioned the absence of treating source opinions in the record in distinguishing the instant case from Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), where the ALJ had disregarded the treating physician's opinion that the claimant was disabled. (M&R 23.)

In none of these instances did the magistrate judge imply that the absence of a treating source opinion as to plaintiff's functional capabilities meant that plaintiff was not disabled. Furthermore, the magistrate judge does not, as plaintiff contends, suggest that the ALJ could not consider the vocational impact of Dr. Hogarty's medical findings without an opinion from Dr. Hogarty as to their effect on plaintiff's functional work capacities. Indeed, by considering Dr. Hogarty's findings along with the rest of the record evidence in determining plaintiff's RFC, the ALJ did consider their vocational impact. (R. at 19.) The ALJ was under no obligation to contact plaintiff's physicians for an opinion regarding plaintiff's functional capabilities or to obtain an additional consultative examination where, as here, the evidence as a whole was sufficient to support a decision. See 20 C.F.R. §§ 404.1519, 404.1519a. Accordingly, the court rejects plaintiff's second objection to the M&R.

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. The court therefore upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment

8

on the pleadings is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 5th day of January, 2009.

                                        LOUISE W. FLANAGAN
                                        Chief United States District Judge

9

Case 5:07-cv-00265-FL   Document 20   Filed 01/06/09   Page 9 of 9